IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MOSLEY, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 23-CV-2248 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

PEREZ, J.                                                                                                  AUGUST 4, 2023

James Mosley has filed a *pro se* Complaint asserting civil rights violation.  Named as Defendants are the City of Philadelphia and Daniel J. Anders, a Judge of the Philadelphia Court of Common Pleas.  Mosley also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Mosley *in forma pauperis* status and dismiss the Complaint.

## I.       FACTUAL ALLEGATIONS[1]

Briefly stated, Mosley asserts that his civil rights were violated when Judge Anders denied him leave to proceed *in forma pauperis* and refused to permit Mosley to represent on a *pro se* basis the interests of an estate.  (Compl. at 2.)  Mosley alleges that Anders's order was due to an "unlawful common judicial practice stating as petitioner Mosley is proceeding on behalf of an estate and the estate must be represented by counsel."  (*Id*.)  He asserts Judge Anders acted with negligence and discriminated against him.  (*Id*.)  Mosley seeks money damages and

---

[1] The factual allegations set forth in this Memorandum are taken from Mosley's Complaint (ECF No. 2).  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

injunctive relief from this Court declaring that *pro se* litigants in the Court of Common Pleas are entitled to proceed on behalf of estates without retaining counsel.  (*Id*. at 4.)

Attached to the Complaint  is an order signed by Judge Anders dated April 17, 2023.  The order states that Mosley's *in forma pauperis* motion is dismissed without prejudice because Mosley was "proceeding on behalf of an estate and the estate must be represented by counsel." (ECF No. 2-1 at 2.)

## II.      STANDARD OF REVIEW

The Court grants Mosley leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Mosley is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

Mosley asserts constitutional claims against the Defendants.  The vehicle by which constitutional claims may be pursued in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.   Judge Anders

The claim against Judge Anders for money damages is dismissed on the ground of absolute judicial immunity.  Judges are entitled to absolute immunity from civil rights claims seeking money damages that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  Judge Anders's order dismissing Mosley's *in forma pauperis* motion was a judicial act taken in a case over which he unquestionably had jurisdiction as a judge of the Court

of Common Pleas.  He is therefore entitled to absolute judicial immunity from any claim for money damages.

Mosley's claim for injunctive relief in the form of an order from this Court that *pro se* litigants have a right to represent estates in the Court of Common Pleas, to the extent that claim is directed to Judge Anders, also must be dismissed.  Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'"  *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*) (quoting § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate").  In the context of judicial defendants, the United States Court of Appeals for the Third Circuit has explained that "a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute."  *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017).  "However, a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief."  *Id.*  Because Judge Anders was acting as the neutral and impartial arbiter in applying court rules to Mosely's *in forma pauperis* motion, he is not a proper defendant in a § 1983 suit challenging the constitutionality of that practice.

Finally, Judge Anders is absolutely immune from any state law claim of negligence as well.  *Rashid v. Monteverde & Hemphill*, No. 95-2449, 1997 WL 360922, at *6 (E.D. Pa. June

24, 1997), *aff'd*, 149 F.3d 1165 (3d Cir. 1998) (citing *Stump*, 435 U.S. at 355-56 and holding that judges enjoy absolute judicial immunity in federal court for state law negligence claims).

### B.     City of Philadelphia

Mosley's due process claim against the City of Philadelphia appears to be based on the mistaken belief that the City is responsible for the actions of the Philadelphia Court of Common Pleas.  However, the Court of Common Pleas is part of Pennsylvania's unified judicial system, and is not an agency of the City of Philadelphia.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that, as part of Pennsylvania unified judicial system, the Court of Common Pleas shares the Commonwealth's absolute immunity under the Eleventh Amendment).  Because the City is not responsible for the allegedly unconstitutional policy of requiring that estates be represented by counsel in cases brought in the Court of Common Pleas, and there is no other allegation in the Complaint identifying how the City might otherwise have violated Mosley's constitutional rights, the § 1983 claim against the City is dismissed with prejudice.

### IV.     CONCLUSION

For the reasons provided, Mosley's Complaint is dismissed with prejudice.  An appropriate Order will be entered separately.

BY THE COURT:

_____

**MIA R. PEREZ, J.**

5